**Rosa L. MELERO–CARRASCO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76233.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 16, 2007.

Stephen Shaiken, Esq., Law Office of Stephen Shaiken, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

MEMORANDUM **

Rosa L. Melero–Carrasco, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's decision denying her application for asylum and withholding of removal.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Although Melero–Carrasco did not raise an asylum claim in her appeal to the BIA, we have jurisdiction to address her asylum claim because the BIA specifically addressed it in its decision. *See Socop–Gonzalez v. INS*, 272 F.3d 1176, 1186 (9th Cir.2001) (en banc).

Substantial evidence supports the BIA's conclusion that Melero–Carrasco failed to establish that her father's arguments with members of the PAN party and the occasional killing of livestock amount to past persecution. *See Nagoulko*, 333 F.3d at 1016 (persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive").

Moreover, the evidence of record does not compel a finding that Melero–Carrasco has a well-founded fear of persecution in Mexico. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Melero's vague and general testimony does not offer "*specific* facts that give rise to an inference that the applicant has been or has a good reason to fear that he or she will be singled out for persecution on one of the specified grounds...." *See Cardoza–Fonseca v. INS*, 767 F.2d 1448, 1453 (9th Cir.1985) (internal quotation marks and citation omitted) (emphasis in original).

Because Melero–Carrasco did not establish her eligibility for asylum, it necessarily follows that she did not satisfy the more stringent standard for withholding of re-

moval. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**